# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## STATESVILLE DIVISION
## CASE NO. 5:26-cv-00118-MR

| | | |
|---|---|---|
| JOHN RICHARD GRAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | MEMORANDUM OF |
| vs. | ) | DECISION AND ORDER |
| | ) | |
| LESLIE COOLEY DISMUKES, | ) | |
| Secretary, North Carolina | ) | |
| Department of Adult Correction, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on review of the pro se Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by John Richard Gray, (herein "Petitioner") on May 26, 2026.  [Doc. 1].

## I.    BACKGROUND

The Petitioner is a prisoner of the State of North Carolina.[1]  Petitioner was convicted by plea March 5, 2012, in Watauga County Superior Court on one count of Second-Degree Murder, one count of Common Law Robbery, two counts of Possession of a Firearm by Felon, one count of Larceny, and

---

[1]    See https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=1309241&searchOffenderId=1309241&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1(herein "NCDAC Database"); Fed. R. Evid. 201.

one count of Possession of Stolen Goods. [NCDAC Database at 1]; [Doc. 1-1 at 8]. In sentencing the Petitioner, the state trial court entered the Petitioner's murder conviction into one judgment and imposed an active term of imprisonment of 313 to 385 months. [Id. at 2]; [Id. at 9]. Next, the court entered the Petitioner's robbery conviction into a second judgment and imposed a consecutive active term of imprisonment of 25 to 30 months. [Id.]; [Id.]. Finally, the court entered the Petitioner's remaining convictions into a third judgment and imposed an active term of imprisonment of 25 to 30 months consecutive to each of the other sentences. [Id.]; [Id.]. Petitioner's projected release date from imprisonment is March 23, 2039. [NCDAC Database at 1].

After the Petitioner sustained his state court convictions, no direct appeal was filed. As for any post-conviction proceedings, the Petitioner filed a Motion for Appropriate Relief (herein "MAR") with the state trial court on July 15, 2024, which was denied by that court May 14, 2025. [Doc. 1-1 at pp. 8; 12-18]. The Petitioner sought review of the state trial court's order denying his MAR in the North Carolina Court of Appeals, but the appellate court denied the Petitioner's review request August 22, 2025. North Carolina v. John Gray, Docket No. P25-390 (N.C. App. 2025). In his § 2254 petition filed in this Court, the Petitioner raises three claims. [Doc. 1 at pp. 4-5; 7].

2

## II.    DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a statute of limitations for § 2254 petitions by a person in custody pursuant to a state court judgment.  28 U.S.C. § 2244(d)(1). The petition must be filed within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The limitation period is tolled during the pendency of a properly filed state post-conviction action.  28 U.S.C. § 2244(d)(2).

The Petitioner was convicted of his state offenses March 5, 2012. Since no direct appeal was filed, and since Petitioner has not asserted any grounds listed in § 2244(d)(1)(B) through § 2244(d)(1)(D), the Petitioner's convictions became final at the expiration of the time for seeking direct

review of them, which is fourteen days under North Carolina law. <u>See</u> N.C.R. App. 4(a) (a party entitled to appeal from a judgment in a criminal action may take appeal by giving oral notice of appeal at trial, or filing notice of appeal with the clerk of superior court within fourteen days after entry of the judgment). Thus, the Petitioner's 365-day limitations period began to run on Monday, March 19, 2012, fourteen days after the entry of his state judgments on March 5, 2012. The limitations period ran from March 19, 2012, until it expired one year later on Tuesday, March 19, 2013. While Petitioner filed an MAR with the state trial court on July 15, 2024, the Petitioner's MAR did not toll the one-year period of limitation, nor did it resurrect such period as this MAR was filed after the one-year statute of limitation had already expired. <u>Minter v. Beck</u>, 230 F.3d 663 (4th Cir. 2000).

The Petitioner's § 2254 petition filed in this Court more than thirteen (13) years after the March 19, 2013, deadline was well beyond the AEDPA's statute of limitations. The § 2254 petition is subject to dismissal as time-barred under § 2244(d)(1)(A), and the Court is without jurisdiction to proceed, unless the Petitioner were able to show that he is entitled to statutory tolling under § 2244(d)(1)(B)-(D), or that equitable tolling of the statute of limitations applies.

4

By Order entered June 17, 2026, the Court permitted the Petitioner to file a document explaining why his § 2254 petition should not be dismissed as untimely. [Doc. 4].  On June 30, 2026, the Petitioner filed a Response to the Court's Order. [Doc. 5]. The Petitioner's Response did not identify any basis for the application of statutory tolling under § 2244(d)(1)(B)-(D), but did set forth several equitable tolling arguments. For the reasons that follow, Petitioner is not entitled to equitable tolling in this matter.

Equitable tolling of the statute of limitations for an untimely § 2254 petition may apply where the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent timely filing.  Holland v. Florida, 560 U.S. 631, 649 (2010); Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  It is appropriate in those "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."  Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)).  A petitioner bears the burden of establishing both elements of the Holland test; failure to establish either element will disqualify him from eligibility for tolling. Lawrence v. Florida, 549 U.S. 327, 336–37 (2007).

In his Response addressing the timeliness of his § 2254 petition, the Petitioner argues that several extraordinary circumstances prevented him from filing this action within the limitations period, only three of which merit discussion: (1) the Petitioner's state trial counsel never advised him that the commencement of a federal habeas action was subject to a one-year statute of limitation [Doc. 5 at 2]; (2) the Petitioner has no legal training, possesses only an eighth-grade education, and suffers from a learning disability [Doc. 5-1 at 1]; and (3) since his confinement on the underlying state judgments, the Petitioner did not have access to a law library until after 2019. [Id.; Doc. 1 at 7].

Before addressing these arguments, the Court notes the absence from the Petitioner's Response of any mention by him that he diligently has been pursuing his rights. This is not a mere oversight by the Petitioner. The record clearly shows that from the date of his plea and sentencing hearing in the state trial court on March 5, 2012, the Petitioner filed nothing in state court to exhaust his remedies there until July 15, 2024, when he submitted his MAR to the state trial court. A dozen unexplained years of complete inactivity by the Petitioner is a sufficient basis itself to deny his request to equitably toll the limitation period. But, because the Petitioner raised the issue that he is

6

of limited education and suffers from a concomitant learning disability, his diligence should be evaluated in this light.

When addressing equitable tolling on the basis of cognitive infirmities, the Fourth Circuit has fashioned the following test. "In the habeas context, we hold that a petitioner's mental impairment is sufficiently profound if it renders him unable to comply with the filing deadline. As the Ninth Circuit has explained, the 'extraordinary circumstances' test for equitable tolling is met either where the petitioner cannot 'rationally or factually ... understand the need to timely file' or where his 'mental state render[s] him unable ... to prepare a habeas petition and effectuate its filing.' " Justus v. Clarke, 78 F.4th 97, 114 (4th Cir. 2023) (citing Bills v. Clark, 628 F.3d 1092, 1099-1100 (9th Cir. 2010).  With this understanding, by arguing that his limited education and learning disability should excuse the untimeliness of his petition, the Petitioner has conflated significant cognitive limitations with inadequate perseverance. Or put another way, a poorly educated person who may have trouble reading or difficulty comprehending what he has read can still be diligent – he might not know what needs to be done, or how, but can proceed in earnest to try to figure out his habeas rights or enlist the help of others who could do so.

Apart from acknowledging his eighth-grade education, the Petitioner has not explained the nature of his learning disability or how it would (or did) interfere in his ability to timely file his § 2254 petition. Beyond his failure to explain the nature of his learning disability, the Petitioner has come forward with scant evidence of any actions he took to discover what he might need to do to protect his interests. The Petitioner makes a fleeting reference to contacting "Prison legal service to get my Discovery from the Attorney who was over my case" but elaborates no further other than to state, "that took over a year and upon getting it I really didn't know who to contact." [Doc. 5-1 at 1]. The Petitioner possessed the wherewithal to reach out to PLS to obtain discovery materials from his state trial attorney, but he presents nothing as to whether he made further inquiry of that entity regarding his habeas rights and procedures. Likewise, he says nothing regarding attempts to contact any other legal aid attorneys or to seek out fellow inmates who previously may have invoked federal habeas jurisdiction. The Petitioner has set forth no facts explaining what steps, if any, he took to pursue his rights for potential habeas relief.

Moreover, a review of the record shows that the Petitioner understood his need to timely file a habeas petition, and had the capacity to prepare and file one. In fact, the Petitioner composed and filed his § 2254 petition in this

matter and included with it numerous attachments, many of which he had previously composed and filed in the state courts. [Docs. 1 at pp. 1-15; 1-1 at pp. 1-21]. In short, while the Petitioner may not have been aware of the precise limitation period for a habeas filing, he had the capacity to determine what should be done. Instead, he chose to sit idly by for more than twelve years, thus losing his opportunity to challenge his state court judgments, and now protests about missing the filing deadline.

Even if the Court were to ignore the Petitioner's inattentiveness to pursuing his rights, he fares no better with any of his arguments under the second Holland element. None of the Petitioner's "extraordinary circumstances" arguments in his Response establish that he is entitled to equitable tolling to excuse the untimeliness of his § 2254 petition. The Petitioner's first argument, that his state trial counsel never advised him about any limitations period attendant to a § 2254 proceeding, is insufficient for two reasons. First, the Petitioner's state trial attorney's obligation was to represent him before the state trial court and no other. The Petitioner's state trial attorney had no obligation to advise him regarding any state post-conviction matter or federal habeas proceeding. Second, even if the Petitioner's state trial attorney had gratuitously advised the Petitioner of the exact date that his § 2254 filing deadline was to expire – and in doing so

9

provided the Petitioner with the incorrect date which the Petitioner later used when filing his petition – such circumstance still would not satisfy <u>Holland</u>'s second element. "This circuit has held that a mistake by a party's counsel in interpreting a statute of limitations does not present the extraordinary circumstance beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding." <u>Rouse</u>, 339 F.3d at 248 (internal citation omitted). For these reasons, the Petitioner's first argument in favor of equitable tolling is without merit.

Petitioner's remaining equitable tolling argument is likewise insufficient and requires little discussion. The fact that Petitioner is a layman at law and was without access to a law library does not constitute the type of extraordinary circumstances that would justify the application of equitable tolling as established by the Supreme Court. <u>See</u> <u>United States v. Sosa</u>, 364 F.3d 507, 512 (4th Cir. 2004) (in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling); <u>Garcia Negrete v. United States</u>, 2020 WL 2041342, *2 (W.D.N.C. April 28, 2020) (a petitioner's lack of legal knowledge and lack of law library access do not warrant equitable tolling); <u>Buchnowski v. White</u>, 2013 WL 171540, *3 (W.D.N.C. January 16, 2013) (absence of law libraries is not grounds for equitable tolling).

In sum, the Petitioner fails to show that he diligently pursued his rights, and he likewise fails to show that circumstances external to his own conduct were the bases for the late filing of his § 2254 petition. This matter is not one of those rare instances where, due to circumstances external to Petitioner's own conduct, it would be unconscionable to enforce the limitation period against him. As such, the § 2254 petition shall be dismissed as untimely.

## III. CONCLUSION

For the reasons stated herein, the § 2254 Petition for Writ of Habeas Corpus [Doc. 1] shall be dismissed as untimely as the Petitioner fails to establish that he is entitled to statutory or equitable tolling of the statute of limitations.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

# O R D E R

**IT IS, THEREFORE, ORDERED THAT**:

1.  The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED**;

2.  The Court **DECLINES** to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases; and

3.  The Clerk of Court is respectfully directed to terminate this case.

**IT IS SO ORDERED.**

Signed: July 16, 2026

Martin Reidinger
Chief United States District Judge

12